UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARMIN PARCHAMI;<br>PARYA HAMIDI,<br>  352 Sedgewood Ln,<br>  Ann Arbor, MI 48103<br><br>           Plaintiff(s)<br><br>v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>JENNIFER B. HIGGINS, in her official<br>capacity, Director, U.S. Citizenship and<br>Immigration Services;<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br>           Defendant(s). | Civil Action No. 2:25-cv-10410 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND
VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Hashim G. Jeelani, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern

Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030,

Email: hashim@jeelani-law.com.

1

## INTRODUCTION

COME NOW ARMIN PARCHAMI (hereinafter "Plaintiff PARCHAMI" or collectively "Plaintiffs") and PARYA HAMIDI (hereinafter "Plaintiff HAMIDI" or collectively "Plaintiffs"), the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. On August 3, 2022, Plaintiff PARCHAMI, as the U.S. citizen spouse of Plaintiff HAMIDI, lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service, naming his spouse, as beneficiary, to become a lawful permanent resident of the United States. Plaintiff PARCHAMI's Form I-130 Petition was approved on April 7, 2023.

2. Concurrently with the Form I-130, Plaintiff HAMIDI timely, completely, and lawfully filed Form I-485, Application to Register Permanent Residence or Adjust Status, and paid the associated fees, to apply for the resulting benefit from her spouse's Form I-130 Petition. This action is brought as a result of Defendants' failure to adjudicate Plaintiff HAMIDI's Form I-485, Application for Adjustment of Status ("Application") within a reasonable period of time. The Application has been in pending status for a period of over two years and six months (over 30 months or 924 days) without any resolution. Plaintiff HAMIDI has a clear right to the adjudication of her Application within a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. The delay in making a decision on Plaintiff HAMIDI's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

4. Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS Field Offices have resumed all in person interactions, as such, COVID-19 related issues do not prohibit an officer's ability to adjudicate this matter.

5. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

6. Plaintiff ARMIN PARCHAMI is a U.S. citizen[1] and for purposes of the instant action he is a resident of Washtenaw County, Michigan. Plaintiff PARCHAMI is the Petitioner of an approved Form I-130, Petition for Alien Relative, naming his spouse, Plaintiff HAMIDI as the beneficiary.

7. Plaintiff PARYA HAMIDI is a citizen of Iran and for purposes of the instant action, she is a resident of Washtenaw County, Michigan. She is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by her U.S. Citizen spouse, Plaintiff PARCHAMI. The approved Form I-130 allows beneficiary qualification for Plaintiff HAMIDI to adjust her status to a permanent resident of the United States. Plaintiff HAMIDI is also the applicant of a properly filed Form I-485, Application to Register Permanent Residence or Adjust Status.

8. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and

---

[1] At the time the Plaintiff's case was filed with USCIS, her spouse, Plaintiff Parchami, was a lawful permanent resident. However, on October 17, 2024, Plaintiff Parchami acquired his U.S. citizenship, and thereafter, on October 30, 2024, Plaintiffs' counsel for the underlying case, notified USCIS in writing of Plaintiff Parchami's change in status from a lawful permanent resident to a U.S. citizen, requesting USCIS to update Plaintiff Hamidi's eligibility category to that of an immediate relative. USCIS has yet to update Plaintiff Hamidi's eligibility category.

discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant JENNIFER B. HIGGINS is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

10. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the District of Eastern Michigan pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside and no real property is at issue.

## EXHAUSTION OF REMEDIES

13. Plaintiff HAMIDI has repeatedly requested the Defendants to make a final decision on her Application. Furthermore, Plaintiff has initiated numerous inquiries with USCIS directly, as well as through Congresswoman, Debbie Dingell's Office, requesting the adjudication of her Application, all without any resolution.

14. The Plaintiff has exhausted her administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for the approval of her Form I-485, Application.

15.     There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

16.     On August 3, 2022, Plaintiff PARCHAMI filed, and paid the required government fees for Form I-130, Petition for Alien Relative, naming his spouse, Plaintiff HAMIDI, as the beneficiary (Receipt# IOE0917105641) with USCIS. **[EXHIBIT A].**

17.     On April 7, 2023, Defendants approved Plaintiff PARCHAMI's Form I-130, Petition. **[EXHIBIT A].**

18.     Concurrently with the Form I-130, Plaintiff HAMIDI filed and paid the required government fees for her Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS (Receipt# IOE0917105640). **[EXHIBIT A].**

19.     On August 30, 2022, Plaintiff appeared for her biometrics appointment at the designated USCIS Application Support Center. **[EXHIBIT B].**

20.     On January 23, 2025, Plaintiffs received a response to their inquiry regarding the status of Plaintiff HAMIDI's case. She was notified that her priority date is not current, meaning a visa is not immediately available to her at this time. However, as the spouse of a U.S. citizen, Plaintiff HAMIDI does not need to wait for a visa to become available and is eligible to adjust her status. Furthermore, this response indicates that USCIS has not updated Plaintiff HAMIDI's preference category, despite Plaintiffs' counsel notifying USCIS on October 30, 2024, that Plaintiff P had obtained U.S. citizenship and requesting the necessary update to her preference category. **[EXHIBIT C].**

21.     Plaintiff has made numerous inquiries over the past two years and six months (over 30 months or 924 days) with USCIS and has requested the adjudication of her Application.

22.     Plaintiff's inquiries have not resulted in any meaningful response from USCIS.

23. Plaintiff's Application now continues to be pending with USCIS for a total time of over two years and six months (over 30 months or 924 days).

24. The delay in making a decision on the Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

25. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2022 of 10.6 months for the adjudication of Form I-485. Plaintiff HAMIDI's Form I-485 has been pending for over 30 months, which is almost three times the historical average processing time as reported by USCIS.[2]

26. Defendants have refused to provide further explanation which would merit the need for over 30 months of processing time.

27. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that her case has been pending.

28. Plaintiff HAMIDI's U.S. citizen spouse, Plaintiff PARCHAMI, has been deprived of the right he has as a U.S. citizen to qualify his spouse to become a permanent resident of the U.S.

29. Plaintiff HAMIDI has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

30. Moreover, Plaintiffs have incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-485

31. All prior paragraphs are re-alleged as if fully stated herein.

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

32. Plaintiff HAMIDI has a statutory right to apply for adjustment of her status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

33. Defendants have a duty to adjudicate Plaintiff HAMIDI's Application within a reasonable period of time under 5 U.S.C. §555(b).

34. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

35. No other adequate remedy is available to Plaintiff.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her Application.

37. Given the Defendants' lack of a reason for not making a decision on Plaintiff HAMIDI's Application for over 30 months, Plaintiff's Application has been pending for an unreasonably long period of time.

38. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff HAMIDI's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff HAMIDI's case.

40. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff HAMIDI's Application, thereby depriving Plaintiff of the rights to which she is entitled.

41. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff HAMIDI's U.S. citizen spouse,

Plaintiff PARCHAMI, has been denied the right to petition for his spouse to become a permanent resident of the United States. Furthermore, Plaintiff HAMIDI has been unable to receive her permanent resident status and has lost time which would have accrued towards her qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: February 11, 2025                    Respectfully submitted,

  /s/ Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*